IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
NORFOLK DIVISION

| | | |
|---|---|---|
| PROJECT VOTE/VOTING FOR AMERICA, INC., | : : : | |
| Plaintiff, | : : | |
| v. | : : | Case No.: 2:10cv75 |
| ELISA LONG and NANCY RODRIGUES, | : : | |
| Defendants. | : | |

## ANSWER OF DEFENDANT NANCY RODRIGUES

Defendant Nancy Rodrigues (the "defendant"), Secretary of the Virginia State Board of Elections ("SBE"), by counsel, states as follows for her Answer to the plaintiff's Complaint:

With regard to the allegations in the Introduction to the Complaint, the defendant admits that the first sentence in the first paragraph of the Introduction describes this action but denies that the defendant violated the National Voting Rights Act of 1993 ("NVRA") in any way. In response to the second sentence, the defendant admits that the plaintiff requested the information described but denies that any refusal to provide the "Requested Records" (as defined in the Complaint) violated the NVRA or was based upon a "misinterpretation" of the NVRA. The defendant denies the allegations in the third sentence to this paragraph.

Regarding the second paragraph of the Introduction, the defendant denies the allegation in the first sentence. The defendant denies for lack of knowledge the allegations in the second and third sentences.

Regarding the third paragraph of the Introduction, the defendant denies for lack of knowledge the allegations in the first and second sentences of that paragraph and denies the allegations in the third sentence.

Regarding the fourth paragraph to the Introduction, the defendant denies for lack of knowledge the allegations in the first sentence and denies outright the allegations in the second sentence.

1.-2.  Paragraphs 1 and 2 contain allegations that are legal conclusions to which no response is necessary. To the extent any response is required, the statutes cited and the Complaint speak for themselves.

3. The defendant denies the allegation in paragraph 3.

4. The defendant denies for lack of knowledge the allegations in paragraph 4, with the exception that the defendant admits that plaintiff sought certain information from co-defendant Long in 2009.

5. The defendant admits the allegations in paragraph 5.

6. In response to the first sentence of paragraph 6, the Complaint speaks for itself. The defendant admits in response to the second sentence that the statute cited, Virginia Code § 24.2-103, outlines the SBE's general duties. In response to the third sentence, the cited statute speaks for itself. In response to the fourth sentence, the statute cited, Virginia Code § 24.2-404.1, does not state what is alleged and speaks for itself.

7.-8. In response to paragraphs 7 and 8, the statutes cited speak for themselves.

9. The defendant admits in response to the first sentence of paragraph 9 that it is important to guarantee *eligible* voters the right to vote when they have provided necessary information in their applications to register for voting. In response to the second sentence, the statute speaks for itself. In response to the third sentence, the defendant denies that the Public Disclosure Provision of the NVRA requires disclosure of the "Requested Records" at issue in this action.

10.-11. In response to paragraphs 10 and 11, the defendant admits that Virginia law does protect the privacy of individual registration records (as defined in Virginia Code § 24.2-101). The statutes cited in these paragraphs implement federal laws protecting individual privacy, including, but not limited to, 42 U.S.C. §§ 1973ff-1(e)(6) and (f)(3). Those federal and state statutes speak for themselves.

12. The defendant admits, in response to the first sentence of paragraph 12, that Virginia law does not provide for the public inspection of rejected voter registration applications. The defendant denies the allegations in the second sentence because individual applicants may examine their own application and appeal any alleged wrongful denial of that application under Virginia Code § 24.2-422. The defendant denies the allegations in the third sentence.

13. The defendant denies the allegations in paragraph 13.

14. The defendant denies the allegations in paragraph 14 for lack of knowledge.

15.-18. The defendant admits the allegations in these paragraphs.

19. The defendant denies the allegations in paragraph 19 for lack of knowledge.

20. In response to the first sentence of paragraph 20, the defendant admits that the Advancement Project and plaintiff wrote a letter to the defendant, dated June 22, 2009, asking that the defendant intervene to have the "Requested Records" in Norfolk produced to plaintiff and the Advancement Project, but denies that refusal to provide those was a "violation" of the NVRA or that the defendant was required to take "remedial measures." In response to the second sentence, the defendant admits that plaintiff and the Advancement Project made this request of the defendant, but she denies that this request had to be granted under the NVRA.

21. The defendant admits the allegations in paragraph 21.

22. The defendant admits the allegations in paragraph 22, with the exception of plaintiff's allegation that the informal opinion described therein was "contrary to the plain language of the NVRA," which the defendant denies.

23. The defendant admits the allegations in the first sentence of paragraph 23 and denies the allegations in the second sentence of that paragraph.

24. In response to paragraph 24, the first two sentences describe portions of the NVRA which speak for themselves. The defendant denies the allegations in the third sentence because her actions did not violate the NVRA and she had no duty to take "remedial action" under the cited section of the NVRA.

25. Paragraph 25 states legal conclusions to which no response is required. To the extent that a response is required, the defendant denies that plaintiff has a cause of action under the NVRA, including regarding Virginia Code § 24.2-444.

26. In response to paragraph 26, the defendant incorporates herein the preceding responses to the Complaint.

27. The clause of the U.S. Constitution quoted in paragraph 27 speaks for itself.

28. Paragraph 28 states legal conclusions to which no response is required. To the extent a response is required, the defendant denies that Virginia law conflicts with the NVRA as alleged in the Complaint.

29. In response to paragraph 29, the defendant denies that the cited section of the NVRA, or any portion of that law, provides for the public disclosure of the "Requested Records."

30. The defendant denies the allegations in the first sentence of paragraph 30 on the ground that Virginia law is not in conflict with the NVRA. The defendant admits the allegations in the second sentence and denies the allegation in the third sentence of that paragraph.

31. In response to paragraph 31, the defendant admits that the "Requested Records" have not been provided to plaintiff pursuant to Virginia Code § 24.2-444, but denies that this statute is in conflict with the NVRA, and denies that the defendant's actions at issue in this suit have violated the NVRA.

The defendant denies that the plaintiff is entitled to any of the relief in its Prayer for Relief.

To the extent that any allegations in the Complaint are not expressly admitted above, they are hereby denied.

## DEFENSES

A. The plaintiff fails to state a claim upon which relief may be granted. Moreover, Article I, § 4 of the United States Constitution gives Virginia the right to regulate the administration of elections in Virginia in a manner consistent with federal law.

The defendant reserves the right to present other defenses as they become known during the course of this litigation.

          Respectfully submitted,

          NANCY RODRIGUES

          Defendant

          By:_____/s/_____
                    Of Counsel

Kenneth T. Cuccinelli, II
Attorney General of Virginia

E. Duncan Getchell, Jr.
Solicitor General of Virginia

Wesley G. Russell, Jr.
Deputy Attorney General

Peter R. Messitt
Senior Assistant Attorney General

Stephen M. Hall
Virginia Bar No. 44132
Assistant Attorney General III
Counsel for Defendant Nancy Rodrigues
Office of the Attorney General
900 East Main Street
Richmond, Virginia 23219
Phone:  (804) 786-1586
Fax:  (804) 371-2087
Email:  shall@oag.state.va.us

CERTIFICATE OF SERVICE

I hereby certify that on this 10th day of November, 2010, I will electronically file the foregoing instrument with the Clerk of Court using the CM/ECF system, which will send a copy of this filing to the following attorneys:

>Ryan M. Malone, Esquire
>Augustine M. Ripa, Esquire
>David O. Steward, Esquire
>Douglas Hallward-Driemeier, Esquire
>Jason Gassan Idilbi, Esquire
>Ropes & Gray LLP
>700 12th Street NW
>Suite 900
>Washington, D.C. 20005
>
>Bradley E. Heard, Esquire
>Chhaya Malik Bhalotra
>Advancement Project
>1220 L Street, N.W.
>Suite 850
>Washington, D.C. 20005
>
>Teresa James, Esquire
>Yolanda Sheffield, Esquire
>Project Vote
>737 ½ 8th Street, S.E.
>Washington, D.C. 20003
>
>Jeff W. Rosen, Esquire
>Lisa Ehrich, Esquire
>Pender & Coward
>222 Central Park Avenue
>Virginia Beach, Virginia 23462

                    /s/
                    Stephen M. Hall
                    Virginia Bar No. 44132
                    Assistant Attorney General III
                    Counsel for Defendant Nancy Rodrigues
                    Office of the Attorney General
                    900 East Main Street
                    Richmond, Virginia 23219
                    Phone: (804) 786-1586
                    Fax: (804) 371-2087
                    Email: shall@oag.state.va.us