IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
NORFOLK DIVISION

| | |
|---|---|
| **PROJECT VOTE/VOTING FOR AMERICA**, **INC.**<br>737 ½ 8th St SE<br>Washington, DC 20003<br><br>      Plaintiff,<br><br>      v.<br><br>**ELISA LONG**,<br>*In Her Official Capacity as General Registrar of Norfolk, VA*<br>City Hall Building, Room 808<br>810 Union Street<br>Norfolk, VA 23510<br><br>**NANCY RODRIGUES**,<br>*In Her Official Capacity as Secretary, State Board of Elections,*<br>Washington Building, First Floor<br>1100 Bank Street<br>Richmond, VA 23219<br><br>      Defendants. | CIVIL ACTION NO.: 2:10cv75 |

**MEMORANDUM IN SUPPORT OF
<u>PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT</u>**

INTRODUCTION

Pursuant to Federal Rule of Civil Procedure 56, Plaintiff Project Vote/Voting For America, Inc. ("Project Vote") brings this action for judgment on its declaratory and injunctive claims seeking access to voter registration records under the National Voter Registration Act ("NVRA"). 42 U.S.C. § 1973gg *et seq*. On October 29, 2010, this Court agreed with Project Vote and held that the NVRA's Public Disclosure Provision grants Project Vote "certain access"

to completed voter registration applications and related records, as requested in the complaint, concerning prospective registrants who were denied registration in the city of Norfolk, Virginia in advance of the November 2008 general election (collectively the "Requested Records"). Op. 34, ECF No. 32. The Court also held that Project Vote has standing to bring this suit seeking access to the Requested Records. *Id.*

Defendants admit that they have denied Project Vote access to the Requested Records, claiming that the NVRA does not apply to the Requested Records and that Virginia law, specifically Virginia Code § 24.2-444, forecloses Project Vote's right to access them. Rodrigues Answer ¶¶ 12, 30. Therefore, there is no genuine dispute of material facts in this case—indeed, the parties have stipulated that no further discovery is necessary. Joint Stipulation, ECF No. 42.

Project Vote has established that Defendants have denied it access to the Requested Records, an allegation admitted by the Defendants. Long Answer ¶¶ 1, 23; Rodrigues Answer ¶ 23. Accordingly, because there is no genuine dispute of material facts, and in light of the Court's Opinion finding the NVRA grants Project Vote a right to access the Requested Records, Project Vote is entitled to judgment as a matter of law and hereby respectfully requests that the Court grant summary judgment in its favor.

## BACKGROUND AND STATEMENT OF UNDISPUTED FACTS

Through its ongoing voter protection work with Advancement Project and local community organizations in Virginia, Project Vote received reports that several students at Norfolk State University ("NSU")—a historically African-American public university located in Norfolk, Virginia—experienced difficulty as they attempted to register to vote in advance of the November 2008 primary and general elections. Compl. ¶ 14. Specifically, Project Vote learned that many applications submitted by ostensibly qualified on-campus NSU students were denied

by Defendant Long's office. *Id.*

On May 11, 2009, Advancement Project requested by email that Defendant Long "make available for inspection and copying the completed voter registration applications of any individual who timely submitted an application at any time from January 1, 2008, through October 31, 2008, who was not registered to vote in time for the November 4, 2008 general election," as well as other documents, such as "documents identifying the reasons the applications were rejected." Compl. ¶ 15; Rodrigues Answer ¶ 15. Advancement Project advised Defendant Long that the Requested Records were required to be made available for public inspection and copying pursuant to the Public Disclosure Provision, notwithstanding any Virginia law that might be interpreted to the contrary. Compl. ¶ 16; Rodrigues Answer ¶ 16.

On May 13, 2009, Defendant Long responded that she would not permit inspection or copying of the Requested Records. Compl. ¶ 17; Rodrigues Answer ¶ 17. Later that day, Martha Brissette, an attorney and policy analyst with the Virginia State Board of Elections, emailed Advancement Project stating that Defendant Long had correctly declined to permit inspection and copying of the Requested Records. Compl. ¶ 18; Rodrigues Answer ¶ 18.

Representatives from Advancement Project and Project Vote traveled on May 15, 2009, to Defendant Long's office in Norfolk, Virginia, where they again requested access to the Requested Records and were denied the opportunity to inspect or copy those materials. Compl. ¶ 19; Long Answer ¶ 19. On June 22, 2009, Advancement Project and Project Vote, on behalf of themselves and all others similarly aggrieved, wrote to Defendant Rodrigues, pursuant to Section 11(b) of the NVRA, giving notice of the violation of the Public Disclosure Provision and requesting that Defendant Rodrigues undertake appropriate remedial measures. Compl. ¶ 20; Rodrigues Answer ¶ 20. Specifically, Plaintiff and Advancement Project requested the State

3

Board of Elections to issue a written directive to all General Registrars and state election officials advising them of their obligation under the NVRA to permit inspection and copying, upon request, of "all records concerning the implementation of programs and activities conducted for the purpose of ensuring the accuracy and currency of official lists of eligible voters," including copies of completed voter registration applications. *Id.*

On July 22, 2009, Brissette informed Plaintiff and Advancement Project by email that the State Board of Elections, at its July 10, 2009 meeting, had voted to request an informal opinion of the Attorney General of Virginia regarding this matter. Compl. ¶ 21; Rodrigues Answer ¶ 21. On September 25, 2009, Brisette forwarded to Plaintiff and Advancement Project the Attorney General's informal opinion that concluded that "the completed voter registration application of any individual is not a part of the record of the implementation of programs and activities conducted for the purposes of ensuring the accuracy and currency of official lists of eligible voters covered by [the Public Disclosure Provision]." Compl. ¶ 22; Rodrigues Answer ¶ 22.

To date, Defendants have not made the Requested Records available to Project Vote or its representatives, Compl. ¶ 23, Rodrigues Answer ¶ 23, Long Answer ¶ 23, asserting that only records related to specific programs designed to remove registered voters from the voting rolls fall within the Public Disclosure Provision. Compl. ¶ 30; Rodrigues Answer ¶ 30.

Project Vote initiated this suit to vindicate its rights under the NVRA for Defendants' continued refusal to make the Requested Records available to Project Vote and its representatives. Defendants moved to dismiss the case on March 26, 2010, claiming that Project Vote lacked standing and failed to state a claim upon which relief could be granted. Defs.' Mot. to Dismiss, ECF No. 8. This court denied both motions in an opinion dated October 29, 2010, and concluded that completed voter registration applications fall within the purview of the Public

4

Disclosure Provision. Op., ECF No. 32.

For the reasons discussed in greater detail below, because the Public Disclosure Provision mandates that Defendants make available all records concerning the implementation of programs and activities conducted for the purposes of ensuring the accuracy and currency of official lists of eligible voters, and because the Requested Records fall within the Public Disclosure Provision's classification, the Court should order Defendants to make the Requested Records available to Project Vote should grant summary judgment in Project Vote's favor.

## ARGUMENT

Pursuant to Fed. R. Civ. P. 56, a court should award summary judgment to the moving party "if the record shows 'there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law.'" *Norfolk S. Ry. Co. v. City of Alexandria*, 608 F.3d 150, 156 (4th Cir. 2010). As stated above, the record shows that there is no genuine dispute as to any material fact. The Court's prior opinion establishes that Project Vote is entitled to judgment as a matter of law because the Public Disclosure Provision requires that the Requested Records be made available for inspection and copying. For these reasons, Project Vote is entitled to summary judgment in its favor on all claims.

I. **Project Vote is Entitled to Summary Judgment**

   a. *The Plain Language of the NVRA's Public Disclosure Provision Requires that the Requested Records be Made Available for Inspection and Copying*

In opposing the Defendants' motion to dismiss, Project Vote argued that the Public Disclosure Provision's plain language is unambiguous and requires that completed voter registration applications be made publicly available because such applications are records concerning the implementation of a program or activity conducted for the purpose of ensuring that official lists of eligible voters are accurate and current. Pl.'s Opp'n to Def. Mot. to Dismiss

14, ECF No. 19. The first step in statutory interpretation is "to determine whether the language at issue has a plain and unambiguous meaning with regard to the particular dispute in the case." *Id.* at 15 (quoting *Willenbring v. United States*, 559 F.3d 225, 235 (4th Cir. 2009) (internal quotations omitted)). When the plain meaning of a statute is unambiguous, "this first canon is also the last [and] judicial inquiry is complete." *Id.* (quoting *Willenbring v. United States*, 559 F.3d at 235). In construing the Public Disclosure Provision's plain language, its terms should be afforded their "ordinary, contemporary, common meaning" unless Congress intended those terms to have a different meaning. *Id.* (quoting *Stephens ex rel. R.E. v. Astrue*, 565 F.3d 131, 137 (4th Cir. 2009)).

> b. *The Common and Ordinary Meaning of the Public Disclosure Provision Grants Project Vote Access to the Requested Records*

In ruling on the Defendants' motion to dismiss this case under Fed. R. Civ. P. 12(b)(6) for failure to state a claim, this Court analyzed the Public Disclosure Provision's common and ordinary meaning. Op. 18-24. The Court ultimately concluded that, under such an analysis, it was clear that the Public Disclosure Provision encompasses voter registration applications because they are records that concern "'the implementation of programs and activities conducted for the purpose of ensuring the accuracy and currency of official lists of eligible voters.'" *Id.* at 24 (citing 42 U.S.C. § 1973gg-6(i)(1)).

The Court first considered what constitutes a program or activity conducted for the purpose of ensuring the accuracy and currency of official lists of eligible voters, determining that "a program or activity covered by the Public Disclosure Provision is one conducted to ensure that the state is keeping a 'most recent' and errorless account of which persons are qualified or entitled to vote within the state." *Id.* at 19. The Court next concluded that Virginia's process for determining "whether a person is eligible to vote certainly falls within the purview of the federal

6

statute, as such a process, by its very nature, is designed to ensure that the Commonwealth's lists are current and accurate." *Id.* Accordingly, the "process of evaluating voter registration applications . . . is a central part of 'ensuring the accuracy and currency of the official lists of eligible voters.'" *Id.* at 19-20 (quoting 42 U.S.C. § 1973gg-6(i)(1)).

The Court then analyzed whether voter registration records, specifically voter registration applications, concern the implementation of programs or activities conducted for the purpose of ensuring the accuracy and currency of official lists of eligible voters. *Id.* at 20. The Court determined that the common and ordinary understanding of "records concerning the implementation of voter registration procedures" encompasses voter registration applications. *Id.* at 21-22. Voter registration applications are, in fact, highly relevant to voter registration procedures. *Id.* at 22 ("A completed voter registration application is the means by which an individual provides the information necessary for the Commonwealth to determine his eligibility to vote. It is clear, then, that voter registration applications, perhaps more than other records, are relevant to carrying out voter registration procedures.").

Turning to the exceptions clause of the Public Disclosure Provision, the Court found that "the exceptions to the Public Disclosure Provision provide evidence that it contemplates and covers voter registration procedures, as the exceptions directly address records concerning such procedures." *Id.* at 20-21. The Court reasoned that the NVRA specifically identified two exceptions to the broad "all records" language of the Public Disclosure Provision, *id.* at 21, and concluded that voter registration applications do not fall within either exception. *Id.* at 22-23. Project Vote argued that the Defendants' interpretation of the Public Disclosure Provision, which limited its reach only to records "that prove the [S]tates are properly maintaining lists of registered voters," would render the exceptions clause nonsensical and meaningless. Pl.'s Opp'n

17 (citing Def. Mot. at 13). The Court agreed with Project Vote's position, concluding that "if defendants' contention were true, the inclusion of those exceptions would be superfluous because it would mean that the exceptions refer to records that were never within the purview of the Public Disclosure Provision in the first place." Op. 21.

       *c. Contextual Analysis and Statutory Purpose of the NVRA Support the Conclusion that the Requested Records Should be Made Available to Project Vote*

Project Vote also argued that both the applicable statutory titles and the NVRA's purpose confirmed that Defendants' narrow interpretation of the Public Disclosure Provision is incorrect. Pl.'s Opp'n 21. Project Vote specifically pointed to the NVRA's titles, section titles, and subsection titles, all of which indicate that the meaning of "all records" includes completed voter registration applications as opposed to merely records related to removal of voters from the rolls. *Id.* Further, Project Vote drew the Court's attention to the NRVA's legislative purpose and Congressional findings that support the conclusion that completed voter registration applications must be disclosed publicly. *Id.* at 22.

The Court agreed that such an analysis further supports that the statute refers to registration procedures and covers voter registration records (including voter registration applications). The Court noted that the statute is entitled "National Voter Registration" and that many of the substantive provisions discuss methods of promoting increased voter registration, including provisions directing states to implement programs to increase voter registration efforts. Op. 27. The Court thus concluded that "[t]here is ample support throughout the NVRA . . . for the conclusion that the Public Disclosure Provision is meant to cover records concerning the implementation of voter registration procedures, which by necessity include voter registration applications." *Id.*

8

25865081_7

The Court rejected the Defendants' contention that the Public Disclosure Provision was exclusively applicable to procedures designed to remove voters from voter registration lists and that, accordingly, voter registration applications do not fall within the Provision's purview. *Id.* at 25. Drawing particular attention to subsection 1973gg-6(a)(1), requiring states to ensure that eligible applicants who properly and timely submit a registration are registered to vote in an election, the Court concluded that "whether a list of eligible voters is current and accurate directly implicates the propriety, or lack thereof, of voter registration procedures implemented by the state," and that "[v]oter registration applications, therefore, directly concern the implementation of that mandate and related voter registration procedures." *Id.* at 26.

The Court next considered the NVRA's statutory purpose to determine whether the Court's plain meaning analysis would frustrate the statute's purpose or lead to an absurd result. The Court found that reading the NVRA's enumerated statutory purposes compels the conclusion that the Public Disclosure Provision's plain meaning—including the Court's classification of voter registration applications within its purview—is congruent to the statute's purposes. *Id.* at 28.

## II. The Requested Records Should Made Available for Inspection and Copying with Only the Individuals' Social Security Numbers Redacted

The Defendants contend that concerns regarding public disclosure of certain items of information required to be entered on voter registration applications—specifically, an applicant's social security number ("SSN"), an applicant's felony record, and whether an applicant has been declared mentally incompetent—will deter persons from registering to vote. Defs.' Mem. in Supp. of Mot. to Dismiss 19, ECF No. 9. This deterrent effect, argue the Defendants, would undermine the NVRA's purposes. *Id.*

Project Vote shares Defendants' concerns regarding the disclosure of an applicant's SSN and has never sought to obtain voter registration applications without appropriate redactions applied to applicants' SSNs. Likewise, the Court found that disclosure of an applicant's SSN would undermine the purposes of the NVRA, and "any voter registration application containing an applicant's SSN should be redacted before public exposure of the application." Op. 30, 32-33.

However, as articulated by this Court, an applicant's felony record and a declaration of mental incompetency do not trigger the same concerns. The Court rightly noted that the NVRA specifically identifies information related to voter registration which Congress wished to keep confidential, as well as other information related to voter registration that the NVRA requires to be disclosed to the public. *Id.* at 29 (citing various subsections of the NVRA). Concluding that Congress specified which items of information should be protected, the Court noted that "[t]here is no indication in the statute that entire voter registration applications should be kept confidential," and the Court refused to find that "the public disclosure of other information relating to voter registration would necessarily upset the purposes of the statute." *Id.* at 30. Regarding felony records and incompetency determinations specifically, the Court determined that such information is likely to be a matter of public record and potential exposure by way of a voter registration application does not suffice to limit the scope of the Public Disclosure Provision. *Id.* at 30 n.20. Further, the Court found no showing that disclosure of such information would substantially burden a voter to the degree that the voter would forego registering to vote. *Id.*

Accordingly, as Project Vote has established that completed voter registration applications and related records are covered by the NVRA's Public Disclosure Provision, and because Project Vote is statutorily entitled to inspect and copy the records, the Court should

10

order the Defendants to make available to Project Vote the Requested Records with SSNs redacted for inspection and copying. Per the Court's opinion, no other information needs to be redacted.

## CONCLUSION

For the foregoing reasons, there is no genuine dispute of material facts, Project Vote is entitled to judgment as a matter of law, and the Court should therefore grant Plaintiff's motion for summary judgment.

                                                                               Respectfully submitted,

                                                                               _____/s/_____
                                                               Ryan M. Malone (VA Bar # 48526)
                                                               Jason G. Idilbi (VA Bar #76869)
                                                               Augustine M. Ripa (VA Bar #77244)
                                                               David O. Stewart (admitted *pro hac vice*)
                                                               Douglas H. Hallward-Driemeier (admitted *pro hac vice*)
                                                              ROPES & GRAY LLP
                                                              700 12th Street NW, Suite 900 East
                                                              Washington D.C. 2005
                                                              TEL: 202-508-4669
                                                              FAX: 202-383-8322
                                                              Ryan.Malone@ropesgray.com
                                                              Counsel for Plaintiff
                                                              Project Vote/Voting for America, Inc.

## CERTIFICATE OF SERVICE

  I hereby certify that on the 31st day of January, 2011, I electronically filed the foregoing pleading with the Clerk of Court using the CM/ECF system, which will send a notification of such filing to all counsel of record.

           /s/_____
           Ryan M. Malone

25865081_7