

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Norfolk Division

PROJECT VOTE/VOTING FOR AMERICA, INC.,

Plaintiff,

v.                                        Civil No. 2:10cv75

ELISA LONG, in her Official Capacity
as General Registrar of Norfolk, Virginia,

and

DONALD PALMER, in his Official Capacity
as Secretary, State Board of Elections,

Defendants.

## OPINION

On February 16, 2010, the plaintiff, Project Vote/Voting For America, Inc. ("Project Vote"), filed a Complaint for Declaratory and Injunctive Relief ("Complaint") against the defendants, Elisa Long ("Long") and Nancy Rodrigues ("Rodrigues"). On October 29, 2010, this court denied the defendants' Motion to Dismiss the Complaint ("Motion to Dismiss"), brought pursuant to Federal Rule of Civil Procedure 12(b)(1) and (6). See Project Vote/Voting for Am., Inc. v. Long, 752 F. Supp. 2d 697, 712 (E.D. Va. 2010). On November 10, 2010, Rodriguez and Long answered the Complaint. Donald Palmer ("Palmer") became the Secretary of the Virginia State Board of Elections on January 28, 2011, and, thus, was substituted for

Rodriguez as a named defendant by operation of law pursuant to Federal Rule of Civil Procedure 25(d). (See Mem. Order 1 n.1, ECF No. 56.)  On January 31, 2011, the plaintiff filed a Motion for Summary Judgment.  On March 1, 2011, Palmer and Long responded, and the plaintiff replied on March 16, 2011.  On June 10, 2011, the court convened for a status conference and directed that any further submissions regarding the Motion for Summary Judgment, or any proposed consent decree resolving the matter, be filed on or before July 1, 2011.  (See id. at 1.) Pursuant to that direction, the defendants filed an Affidavit of Elisa Long on June 24, 2010,[1] and the plaintiff filed a supplemental memorandum on July 1, 2011.[2]  On July 6, 2011, Long filed a Motion for Leave to File a Reply to Project Vote's

---

[1]  Long's affidavit addresses the rejection of voter registration applications from Norfolk State University students that were submitted prior to the November 2008, general election, as well as the counting of provisional ballots from such students.  The defendants submitted Long's affidavit to "supplement the record before the Court," (Notice 1, ECF No. 57), but they do not change their position that there is no genuine issue of material fact, nor do they provide any indication of how Long's affidavit is relevant to resolving the Motion for Summary Judgment.  The court can only surmise that the defendants wished to convey that the plaintiff's motivation for bringing this action is unfounded -- eligible Norfolk State University students were not prevented or discouraged from voting in Virginia's 2008 general election.  This point is irrelevant to the instant dispute.

[2]  In the supplemental memorandum, the plaintiff argues that the court should order the immediate disclosure of all records it seeks.  (Pl.'s Supplemental Mem. 2, ECF No. 58.); see infra 11-15.

Supplemental Memorandum, and on July 7, 2011, the court granted that motion.[3]   The Motion for Summary Judgment is ripe for review.

## I.   Factual Background

The relevant factual history is set forth in detail in the court's October 29, 2010, Opinion, and need not be repeated in full herein.   See Project Vote, 752 F. Supp. 2d at 698-701.   In brief review, Project Vote and Advancement Project, a national civil and voting rights organization with which Project Vote works, sought to inspect and obtain copies of

> the completed voter registration applications of any individual who timely submitted an application at any time from January 1, 2008, through October 31, 2008, who was not registered to vote in time for the November 4, 2008 general election, and also other documents, such as documents identifying the reasons the applications were rejected.

(Compl. ¶ 15 (internal quotation marks omitted).)   This request was made pursuant to the National Voter Registration Act's ("NVRA") Public Disclosure Provision, 42 U.S.C. § 1973gg-6(i)(1) (hereinafter referred to as the "Public Disclosure Provision").[4]

---

[3]     Long argues that the court should "deny Project Vote's request for immediate disclosure of the 2008 voter registration applications," and instead "stay access to those applications pending a final resolution of this matter."   (Long's Reply to Pl.'s Supplemental Mem. 2, ECF No. 62); see infra 11-15.

[4]     This provision reads in pertinent part:

The defendants will not permit Project Vote to inspect or copy these records (collectively referred to as the "Requested Records"), purportedly because Virginia Code § 24.2-444 forbids their disclosure, (Compl. ¶ 17), and the Public Disclosure Provision does not require that they be made available for inspection and photocopying. (Id. ¶ 22.)

In the Complaint, the plaintiff alleges that the NVRA's Public Disclosure Provision requires that the Requested Records be available to the public for inspection because they are records "'concerning the implementation of programs or activities conducted for the purpose of ensuring the accuracy and currency of official lists of eligible voters.'" (Id. ¶ 29 (quoting 42 U.S.C. § 1973gg-6(i)(1)).) Additionally, to the extent that the Virginia statute limits the availability of the Requested Records to the public for inspection and photocopying, it is superseded by the NVRA, pursuant to the Supremacy Clause of the United States Constitution. Therefore, the plaintiff

---

> Each State shall maintain for at least 2 years and shall <u>make available for public inspection</u> and, where available, photocopying at a reasonable cost, <u>all records concerning the implementation of programs and activities conducted for the purpose of ensuring the accuracy and currency of official lists of eligible voters</u>, except to the extent that such records relate to a declination to register to vote or to the identity of a voter registration agency through which any particular voter is registered.

42 U.S.C. § 1973gg-6(i)(1) (emphasis added).

asks the court to:  1) declare that the defendants are in
violation of the NVRA; 2) declare that the NVRA preempts
Virginia Code § 24.2-444, and any other Virginia law or
regulation stating the same; 3) "[p]ermanently enjoin Defendants
from refusing to permit access to any requesting party for copy
and/or inspection of voter registration applications and related
records, as sought by Project Vote in this matter"; and 4) award
Project Vote the costs incurred in pursuing this action, as
authorized by 42 U.S.C. § 1973gg-9(c).  (Id. at 11.)

     In the Motion for Summary Judgment, the plaintiff asserts
that it is entitled to judgment as a matter of law based upon
the court's previous holding that the Public Disclosure
Provision grants the plaintiff certain access to the Requested
Records.   See Project Vote, 752 F. Supp. 2d at 712.   The
defendants contend that they are entitled to summary judgment
based upon their previous arguments, which the court rejected in
its Opinion of October 29, 2010, as well as upon several new
arguments.   Both defendants argue that the court's previous
construction of the Public Disclosure Provision is "inconsistent
with two other federal statutes which seek to protect the
confidentiality of voter registration information and is
contrary to the Congressional purpose underlying all three laws:
the encouragement of voting."  (Palmer's Mem. in Opp. to Mot.

for Summ. J. 2, ECF No. 51; see Long's Mem. in Opp. to Mot. for Summ. J. 11, ECF No. 52 [hereinafter "Long's Opp."]). Long also argues that "the Court failed to define the plain meaning of the operative phrase 'programs and activities,' or to review the use of those terms in context," (Id. at 3), and analysis of that phrase "reveals that Congress did not intend to mandate disclosure of voter registration applications." (Id. at 2.)

## II. Analysis

Summary judgment is appropriate when a court, viewing the record as a whole and in the light most favorable to the nonmoving party, finds that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. See Fed. R. Civ. P. 56(a); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248-50 (1986); Terry's Floor Fashions, Inc. v. Burlington Indus., Inc., 763 F.2d 604, 610 (4th Cir. 1985). In this case, all the parties agree, and the court FINDS, that there are no material facts in dispute, and that the issue is the same one resolved in the court's Opinion of October 29, 2010, which denied the defendants' Motion to Dismiss and specifically addressed whether the NVRA's Public Disclosure Provision requires the Requested Records to be made available to the public for inspection and photocopying. Accordingly, if the plaintiff is not entitled to judgment as a

6

matter of law, the court must necessarily enter judgment in favor of the defendants. Cf. Amzura Enters., Inc. v. Ratcher, 18 F. App'x 95, 2001 WL 1023112, at *7 n.8 (4th Cir. 2001) (per curiam) (unpublished) (noting that the "'[t]hreat of procedural prejudice is greatly diminished if the court's sua sponte determination [in favor of the nonmovant] is based on issues identical to those raised by the moving party'" (quoting Bridgeway Corp. v. Citibank, 201 F.3d 134, 140 (2d Cir. 2000))).

The defendants rightly anticipate that the court adheres to its rejection of the defendants' previous arguments for nondisclosure of the Requested Records, and so they raise purportedly new arguments in an effort to persuade the court that its prior ruling was wrong. Long argues that the court "ignor[ed] the plain meaning of the phrase 'programs and activities,' and its contextual meaning in the overall statutory scheme." (Long's Opp. 6.) The court understands that Long disagrees with the court's prior ruling, but Long is mistaken. In assessing the statute's common and ordinary meaning, the court found that "a program or activity covered by the Public Disclosure Provision is one conducted to ensure that the state is keeping a 'most recent' and errorless account of which persons are qualified or entitled to vote within the state." Project Vote, 752 F. Supp. 2d at 706; see id. (finding that

"[t]he process by which the Commonwealth determines whether a
person is eligible to vote" is "by its very nature, [] designed
to ensure that the Commonwealth's lists are current and
accurate" (emphasis added)).  Furthermore, in looking to the
specific context of the statutory language, the court found that
"programs and activities" is not limited to maintenance of
lists.   See id. at 708-09 (discussing why the defendants'
position "is not borne out in the statute").  In sum, the court
squarely assessed the plain meaning of "programs and
activities," and, therefore, Long's argument does not persuade
the court to abandon its prior ruling.[5]

     Both Palmer and Long argue that the court's prior ruling
is inconsistent with two other federal statutes -- the Military
and Overseas Voter Empowerment ("MOVE") Act, which amended the
Uniformed and Overseas Citizens Absentee Voting Act ("UOCAVA"),
42 U.S.C. §§ 1973ff-1973ff-7, and the Help Americans Vote Act of

---

[5]     Long raises two other arguments in her Opposition to the
Motion for Summary Judgment, but makes no pretense that they are
new; she merely challenges the court's prior ruling.  She first
argues that a contextual review of the Public Disclosure
Provision's exceptions does not support disclosure of voter
registration applications.   The court already rejected this
argument, Project Vote, 752 F. Supp. 2d at 706-08, and sees no
reason to depart from its ruling here.  Long also argues that
the language "shall include" in the Public Disclosure Provision
limits the records subject to disclosure to only those listed
therein.  The court rejected this argument too, id. at 708 n.17,
and sees no reason to depart from that ruling here.

2002 ("HAVA"), Pub. L. No. 107-252, 116 Stat. 1666 (codified in scattered sections of Titles 2, 5, 10, 18, 29, 35, 39, 41, 42, and 44 of the United States Code). They cite the Fourth Circuit's admonition that when a court "must construe two statutory schemes together, [its] duty is to reconcile and harmonize the statutes, and carry out the legislative intent behind both schemes." In re Bulldog Trucking, Inc., 66 F.3d 1390, 1395 (4th Cir. 1995) (citations omitted). The defendants then claim that in order to harmonize the NVRA with these other statutes, this court must find that the Public Disclosure Provision does not permit public disclosure of completed voter registration applications. The court disagrees with this position. The instant dispute only involves the proper interpretation of the NVRA's Public Disclosure Provision. Disclosure of the completed voter registration applications does not implicate the MOVE Act's security and privacy protections, which only apply to "the voter registration and absentee ballot application request processes," 42 U.S.C. § 1973ff-1(e)(6) (emphasis added), and absentee ballots. Id. § 1973ff-1(f)(3). Likewise, disclosure of the Requested Records does not implicate HAVA's security and privacy protections, which only apply to provisional ballots. See 42 U.S.C. § 15482(a)(5). The NVRA as interpreted by this court, the MOVE Act, and HAVA "are capable

9

of co-existence," and the court "regard[s] each as effective." Morton v. Mancari, 417 U.S. 535, 551 (1974).[6]

The defendants also revisit their previous argument that disclosing the Requested Records, even with the voters' social security numbers ("SSN") redacted, will chill voter registration applications and frustrate the overall purpose of the NVRA. For the same reasons set forth in the court's previous ruling, the court disagrees. See Project Vote, 752 F. Supp. 2d at 709-712.

The court is not persuaded that it should abandon its prior ruling. Accordingly, the court adopts and incorporates in full the reasoning set forth in its Opinion of October 29, 2010, and, for the reasons stated in that Opinion and above, **FINDS** that the NVRA's Public Disclosure Provision, 42 U.S.C. § 1973gg-6(i)(1), grants the plaintiff access to completed voter registration applications with the voters' SSNs redacted for inspection and photocopying.

---

[6]    Moreover, the court already found that the plain meaning of the NVRA's Public Disclosure Provision requires disclosure of the voter registration applications, and thus "the court's inquiry is complete and it will enforce the statute as written." Project Vote, 752 F. Supp. 2d at 705 (citing Stephens ex rel. R.E. v. Astrue, 565 F.3d 131, 137, 140 (4th Cir. 2009)); see In re JKJ Chevrolet, Inc., 26 F.3d 481, 483 (4th Cir. 1994) ("If the language is plain and the statutory scheme is coherent and consistent, there is no need to inquire further." (internal quotation marks and citations omitted)).

## III. Relief

The NVRA's Public Disclosure Provision grants the plaintiff access to completed voter registration applications with the voters' SSNs redacted for inspection and photocopying. Furthermore, to the extent that any Virginia law, rule, or regulation forecloses disclosure of completed voter registration applications with the voters' SSNs redacted, the court **FINDS** that it is preempted by the NVRA. See U.S. Const. art. VI, cl. 2; Maryland v. Louisiana, 451 U.S. 725, 746-47 (1981). Therefore, the court **FINDS** the defendants are in violation of the NVRA by refusing to grant access to completed voter registration applications with the voters' SSNs redacted for inspection and photocopying. Accordingly, the plaintiff's Motion for Summary Judgment is **GRANTED**, insofar as the plaintiff's request for declaratory relief.

The court now addresses the plaintiff's request for injunctive relief. In order to obtain a permanent injunction, "a plaintiff must demonstrate: (1) that is has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted, and (4) that the public interest would not be disserved by a permanent

11

injunction." eBay, Inc. v. MercExchange, L.L.C., 547 U.S. 388, 391 (2006). The defendants do not contest that the plaintiff is entitled to injunctive relief, if the Public Disclosure Provision grants it access to completed voter registration applications with the voters' SSNs redacted, and the court so finds. Considering the ubiquity of voting in our representative democracy, there is a "real and immediate threat" that members of the public, like the plaintiff, may again be wrongfully denied the statutory right to inspect and photocopy completed voter registration records with the voters' SSNs redacted. See City of L.A. v. Lyons, 461 U.S. 95, 111 (1983) (remarking that an injunction is "unavailable absent a showing . . . of any real or immediate threat that the plaintiff will be wronged again"); Belk v. Charlotte-Mecklenburg Bd. of Educ., 269 F.3d 305, 347 (4th Cir. 2001) ("Before a court grants a permanent injunction, the court must find necessity—a danger of future violations." (citations omitted)). Accordingly, the irreparable injury prong is met. Similarly, there is no genuine issue that monetary damages are insufficient to compensate for denial of a statutory right to access completed voter registration applications. See E. Tenn. Natural Gas Co. v. Sage, 361 F.3d 808, 823 (4th Cir. 2004) ("[W]hen a substantive right exists, an equitable remedy may be fashioned to give effect to that right if the prescribed

12

legal remedies are inadequate." (citations omitted)). The balance of hardships does not weigh in favor of the defendants, as a permanent injunction will simply compel the defendants to comply with their responsibilities under the NVRA and, thus, will prevent them from denying the public of a statutory right.

In this case, while the public interest weighs in favor of a permanent injunction, it also limits the injunction's scope. Long argues that the court should "stay disclosure of the 2008 voter registration applications pending a final resolution of this dispute, because applicants submitted those applications with the expectation of privacy." (Long's Reply to Pl.'s Supplemental Mem. 1, ECF No. 62.)[7] The court agrees, but does not believe that such a stay goes far enough to protect applicants' past expectations of privacy. As this case appears to be one of first impression, see Project Vote, 752 F. Supp. 2d at 705 n.10, the court will not issue a retrospective permanent injunction that discloses personal information from citizens who plausibly believed such information was confidential at the time they provided it. (See Va. Voter Registration Application Form, Ex. D to Mem. in Supp. of Mot. to Dismiss, ECF No. 9-4 [hereinafter "Va. Voter Registration Application"] (stating that "this registration card will not be open to inspection by the

---

[7]     See supra note 3.

13

public").)[8]  The court **FINDS** that the public interest would be disserved, if the defendants are permanently enjoined from refusing to permit inspection and photocopying of voter registration applications that were completed <u>prior</u> to final judgment in this case, even if the SSNs are redacted.  <u>See</u> <u>eBay</u>, 547 U.S. at 391.  Accordingly, the plaintiff's Motion for Summary Judgment is **DENIED**, insofar as the plaintiff requests retrospective relief.[9]

The public interest will be served if the defendants are permanently enjoined from refusing to permit inspection and photocopying of completed voter registration applications with the voters' SSNs redacted to the extent such applications are completed <u>subsequent</u> to final judgment in this case.[10]  The defendants will need to update their policies and procedures to comply with this court's ruling.  Among other changes, the

---

[8]  The plaintiff claims that there is no such expectation of privacy, as "voters in Virginia have previously been told by the Virginia Supreme Court that completed voter registration applications might be disclosed to the public."  (Pl.'s Supplemental Mem. 2 (citing <u>Rivera v. Long</u>, No. 070274 (Va. Feb. 8, 2008) (unpublished)).)  The court is not convinced that an unpublished Virginia Supreme Court opinion eviscerates an expectation of privacy reasonably engendered by an explicit privacy notice on the face of the voter registration application.  <u>See</u> Va. Voter Registration Application.

[9]  In other words, the defendants are not enjoined from refusing to permit access to the Requested Records, but are so enjoined as to voter registration applications completed subsequent to final judgment in this case.

[10]  <u>See</u> <u>supra</u> note 9.

14

defendants will need to remove language on Virginia's voter registration application that claims the application is not subject to public disclosure. <u>See</u> Va. Voter Registration Application. The parties do not contest that there is no genuine issue of material fact regarding the propriety of prospective injunctive relief, and indeed, the court finds none. Accordingly, the plaintiff's Motion for Summary Judgment is **GRANTED**, insofar as the plaintiff's request prospective injunctive relief.

The court **DIRECTS** the Clerk to send a copy of this Opinion to counsel for the parties and to enter judgment thereon.

IT IS SO ORDERED.

/s/
Rebecca Beach Smith
United States District Judge

REBECCA BEACH SMITH
UNITED STATES DISTRICT JUDGE

Norfolk, Virginia
July 20 , 2011

15