UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Norfolk Division



PROJECT VOTE/VOTING FOR AMERICA, INC.,

    Plaintiff,

v.                                       CIVIL No. 2:10cv75

ELISA LONG, in her Official Capacity
as General Registrar of Norfolk, Virginia,

and

DONALD PALMER, in his Official Capacity
as Secretary, State Board of Elections,

    Defendants.

## MEMORANDUM FINAL ORDER

The court lifted its stay of this case on July 20, 2012, which stay had been issued by Order of August 1, 2011. The court then directed the parties to "file responses concerning any subsequent action necessary by this court in light of the Fourth Circuit's decision." Order 1, ECF No. 86. Defendants Donald Palmer, in his official capacity as Secretary of the State Board of Elections, and Elisa Long, in her official capacity as General Registrar of Norfolk, Virginia (collectively "Defendants"), filed a Motion for Review of Issues on Remand ("Motion for Review") on July 27, 2012. In their Motion for Review, Defendants request that the court permit redaction of additional personal information, beyond Social Security numbers ("SSNs"), from the completed voter registration forms provided for

public disclosure, as well as limit the prospective nature of the relief to commence on "the date of this Court's final order." Mot. Review ¶¶ 5-11. Project Vote/Voting for America, Inc. ("Project Vote") filed its Response to Defendants' Motion for Review of Issues on Remand ("Project Vote's Response") on August 7, 2012. Defendants did not reply, and the time to file such reply has expired. The matter is now ripe for review.

## I. Factual and Procedural History

The relevant factual history is set forth in detail in the court's October 29, 2010, Opinion and need not be repeated in full herein. See Project Vote/Voting for Am., Inc. v. Long, 752 F. Supp. 2d 697, 698-701 (E.D. Va. 2010) (denying Defendants' Motion to Dismiss). In brief review, Project Vote and Advancement Project, a national civil and voting rights organization with which Project Vote works, sought to inspect and obtain copies of

> the completed voter registration applications of any individual who timely submitted an application at any time from January 1, 2008, through October 31, 2008, who was not registered to vote in time for the November 4, 2008 general election, and also other documents, such as documents identifying the reasons the applications were rejected.

Compl. ¶ 15 (internal quotation marks omitted). This request was made pursuant to the National Voter Registration Act's ("NVRA") Public Disclosure Provision, 42 U.S.C. § 1973gg-6(i)(1) (hereinafter referred to as the "Public Disclosure Provision").

Defendants did not permit Project Vote to inspect or copy these records (collectively referred to as the "Requested Records"), purportedly because Virginia Code § 24.2-444 prohibited their disclosure, Compl. ¶ 17, and the Public Disclosure Provision did not require that they be made available for inspection and photocopying. Id. ¶ 22.

In the Complaint, Project Vote alleged that the NVRA's Public Disclosure Provision required that the Requested Records be available to the public for inspection because they are records "'concerning the implementation of programs or activities conducted for the purpose of ensuring the accuracy and currency of official lists of eligible voters.'" Id. ¶ 29 (quoting 42 U.S.C. § 1973gg-6(i)(1)). Additionally, to the extent that the Virginia statute limited the availability of the Requested Records to the public for inspection and photocopying, Project Vote argued it was superseded by the NVRA, pursuant to the Supremacy Clause of the United States Constitution. Therefore, Project Vote asked the court to: 1) declare that Defendants were in violation of the NVRA; 2) declare that the NVRA preempted Virginia Code § 24.2-444, and any other Virginia law or regulation stating the same; 3) "[p]ermanently enjoin Defendants from refusing to permit access to any requesting party for copy and/or inspection of voter registration applications and related records, as sought by Project Vote in this matter"; and 4)

award Project Vote the costs incurred in pursuing this action, as authorized by 42 U.S.C. § 1973gg-9(c). Id. at 11.

The court issued its Opinion granting in part Project Vote's Motion for Summary Judgment on July 20, 2011. See Project Vote/Voting for Am., Inc. v. Long, 813 F. Supp. 2d 738 (E.D. Va. 2011). The court found "that the NVRA's Public Disclosure Provision, 42 U.S.C. § 1973gg-6(i)(1), grants the plaintiff access to completed voter registration applications with the voters' SSNs redacted for inspection and photocopying." Id. at 743. The court issued a permanent injunction requiring disclosure of completed voter registration applications. Id. at 744. However, the court found "that the public interest would be disserved, if the defendants are permanently enjoined from refusing to permit inspection and photocopying of voter registration applications that were completed prior to final judgment in this case, even if the SSNs are redacted." Id. at 745 (emphasis in original). The court further clarified that, "[i]n other words, the defendants are not enjoined from refusing to permit access to the Requested Records, but are so enjoined as to voter registration applications completed subsequent to final judgment in this case." Id. at 744 n.9. The court stayed its judgment on August 1, 2011, pending the outcome of Defendants' appeal of its decision. On June 15, 2012, the United States Court of Appeals for the Fourth Circuit affirmed this court's opinion. See

4

Project Vote/Voting for Am., Inc. v. Long, 682 F.3d 331 (4th Cir. 2012). The Fourth Circuit noted in conclusion that it "also decline[d] to address every particular question that may arise with respect to the implementation of Section 8(i)(1). That is best left to the trial court upon remand." Id. at 340. The Fourth Circuit's mandate issued on July 9, 2012. On July 20, 2012, this court issued an order lifting its stay of its judgment, and directing the parties to file responses concerning any subsequent action necessary before the court closed the case. See Order, ECF No. 86.

## II. Analysis

Defendants filed their Motion for Review on July 27, 2012. Defendants ask this court to address additional questions regarding the implementation of the court's July 20, 2011, Opinion. Defendants' requests can be grouped into two categories: (1) a request for permission to redact additional personal information, beyond SSNs, from the completed voter registration forms provided for disclosure; and (2) a request for the prospective nature of the relief to commence from the date of the court's final order. Mot. Review ¶¶ 5-11. Project Vote opposes both requests, and argues that the court should deny Defendants' Motion for Review. See Project Vote's Resp. 5-6.

### A. Redaction of Additional Application Information

In general, Defendants state that "the Fourth Circuit, upon noting the significant privacy concerns implicated by public disclosure of voter registration applications, even with SSNs redacted 'also decline[d] to address every particular question that may arise with respect to the implementation of Section 8(i)(1). That is best left to the trial court on remand.'" Mot. Review ¶ 2. Defendants now request permission to redact: the applicant's home address, if the address is in a category protected under Virginia law pursuant to Virginia Code § 24.2-418.B; the signature of the applicant; and the month and day of birth of the applicant, while leaving the birth year subject to disclosure. Id. ¶¶ 5-10. In support of their request, Defendants point to the court's decision to allow redaction of SSNs from the voter registration forms, "which are not expressly excluded from disclosure under the NVRA," and argue that the home address, signature, and birth day and month present the same critical privacy concerns. Id. ¶¶ 8-10. With regard to home addresses specifically, Defendants additionally argue that "there is no reason to believe that Congress' enactment of the NVRA public disclosure provision was meant to preempt these important privacy protections granted by state law to those identified in Va. Code § 418.B." Id. ¶ 8. Project Vote argues that the question of redaction has been decided by both this court and the Fourth Circuit,

and there is no reason to revisit that decision. Project Vote's Resp. 3. This court agrees with Project Vote.

Moreover, and contrary to Defendants' argument, Congress has made its intent clear with regard to disclosure of an applicant's address, signature, and birth date; disclosure of that information, unlike SSNs, is required by the statute. As the Fourth Circuit stated:

> It is not the province of this court . . . to strike the proper balance between transparency and voter privacy. That is a policy question properly decided by the legislature, not the courts, and Congress has already answered the question by enacting NVRA Section 8(i)(1), which plainly requires disclosure of completed voter registration applications.

Project Vote, 682 F.3d at 339.[1] The plain meaning of the NVRA's disclosure requirement is that disclosure of completed voter registration applications containing the address, birth date, and signature of applicants includes disclosure of that information. See Project Vote, 752 F. Supp. 2d at 710. Further, the NVRA requires that all states accept a federal form designed in accordance with the statute's guidelines as a voter registration application. See

---

[1] This court basically made the same observation in its decision on Defendants' Motion to Dismiss. See Project Vote, 752 F. Supp. 2d at 710 ("Congress has already considered the effect on the statute's purposes of disclosing certain information to the public . . . ."). This court also specifically stated: "[T]he court will not undermine the purposeful usage of a broad term by Congress, in order to limit the scope of the statute. Moreover, the court will not, uninvited by the Constitution or Congress, craft or infer additional exceptions." Id. at 708 (citations omitted).

42 U.S.C. § 1973gg-7. That form, the National Mail Voter Registration Form, requires, among other things, the applicant's address, date of birth, and attestation by signature or mark under the penalty of perjury. See 11 C.F.R. § 9428.4; see also Gonzalez v. Arizona, 677 F.3d 383, 395-96 (9th Cir. 2012) (discussing the contents of the National Mail Voter Registration Form). Thus, there is no question that Congress intended that such information be disclosed under the statute.

Defendants' comparison of this information to the court's rationale for redacting SSNs is also unfounded. SSNs, as this court has previously held, are "uniquely sensitive and vulnerable to abuse." See Project Vote, 752 F. Supp. 2d at 711-12. The Fourth Circuit agreed with the court's analysis. See Project Vote, 682 F.3d at 339 (discussing Greidinger v. Davis, 988 F.2d 1344 (4th Cir. 1993)).[2] This court also notes that, in contrast, applicants are not required to disclose their full SSNs to complete the National Mail Voter Registration Form unless their state of residence requires such information. See 11 C.F.R. § 9428.4(a)(6).

The court does not disagree with Defendants' position that "allowing any person [to review] the voter registration applications of individuals that are protected [by Virginia Code § 24.2-418.B]

---

[2] This court also relied on Greidinger when analyzing SSNs. See Project Vote, 752 F. Supp. 2d at 710.

without the redaction of their home addresses would utterly abrogate these protections." Mot. Review ¶ 8. However, as this court and the Fourth Circuit made clear, the proper balance between transparency and voter privacy is a legislative question that "Congress has already answered." Project Vote, 682 F.3d at 339; Project Vote, 752 F. Supp. 2d at 710. As this court found in its July 20, 2011, Opinion, "to the extent that any Virginia law, rule, or regulation forecloses disclosure of completed voter registration applications with the SSNs redacted," such law is "preempted by the NVRA." Project Vote, 813 F. Supp. 2d at 743.[3] As such, the court **DENIES** Defendants' request in their Motion for Review to make any redactions of completed voter registration forms beyond the applicant's SSN.

B. Postponement of Commencement of Court's Injunction

Defendants' second request is for the court to order that the injunction imposed by the court's July 20, 2011, Opinion take effect only "from the [forthcoming] date of this Court's final order." Mot. Review ¶ 11. Although Defendants have taken steps to comply with the court's Opinion, "formal action by the State Board of Elections with regard to certain policies will be necessary to implement this

---

[3] The state remains capable of addressing some privacy concerns raised by public disclosure by adjusting the content of its state voter registration form, so long as it continues to meet all of the criteria of 42 U.S.C. § 1973gg-7(b). See 42 U.S.C. § 1973gg-4(a)(2).

Court's final order." Id. Project Vote argues that it has been entitled to prospective relief since the court issued its Opinion on July 20, 2011, which constituted a "final judgment." Project Vote's Resp. 5-6. Project Vote further argues that it "should not be further penalized by having the receipt of its relief made contingent on another future event, particularly when Defendants' motion places no constraints or deadlines on Defendants' alleged efforts to change their policies." Id. at 6.

The court's July 20, 2011, Opinion permanently enjoined Defendants "from refusing to permit inspection and photocopying of completed voter registration applications with the voters' SSNs redacted to the extent such applications are completed subsequent to final judgment in this case." Project Vote, 813 F. Supp. 2d at 745 (emphasis in original). On that same day, the Clerk entered Judgment in the case in favor of Project Vote. See Judgment, ECF No. 64. This constituted final judgment in the case, such that the injunction became prospectively effective; the court again made this clear in its Order staying the case on August 1, 2011, noting that, "absent a stay, the defendants must disclose voter registration applications with the social security numbers ("SSN") redacted that are completed while the case is on appeal." Project Vote/Voting for Am., Inc. v. Long, 275 F.R.D. 473, 474-75 (E.D. Va. 2011). The court then stayed the effect of the injunction pending appeal, which is

now complete. Thus, the court's July 20, 2012, Order, lifting the stay of its judgment after the Fourth Circuit remanded the case, re-imposed the effect of the court's permanent injunction.

The court is not persuaded by Defendants' argument that it should alter implementation of the injunction. Although Defendants claim that "formal action by the State Board of Elections with regard to certain policies will be necessary to implement this Court's final order," Mot. Review. ¶ 11, Defendants have had substantial time to prepare for implementation of the injunction during the pendency of the appeal and this court's stay. In granting the stay on August 1, 2011, the court cited the Declaration of Donald Palmer, ECF No. 67-1, which detailed that it would take approximately six months for the Virginia State Board of Elections to institute the necessary changes. See Project Vote, 275 F.R.D. at 474. The court thus noted that the "stay pending appeal gives the defendants time to prepare to properly implement this court's judgment, as well as gives the Virginia General Assembly" time to consider remedial legislation. Id. at 475. Defendants have had more than twice the time that they estimated would be necessary to prepare and institute any necessary changes, and Defendants have not detailed any sufficient reasons for revisiting the court's decision. Therefore, the court **DENIES** Defendants' request in their Motion for Review to alter imposition of the court's injunction.

### III. Conclusion

For the foregoing reasons, Defendants' Motion for Review is **DENIED**. All outstanding motions and issues having been disposed of on remand, the court closes this case. The Clerk **SHALL** forward a copy of this Memorandum Final Order to counsel for the parties.

IT IS SO ORDERED.

/s/
Rebecca Beach Smith
Chief
United States District Judge

REBECCA BEACH SMITH
CHIEF UNITED STATES DISTRICT JUDGE

Norfolk, Virginia
August 22, 2012